IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:  ORTHOPEDIC BONE SCREW | : | MDL DOCKET NO. 1014 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | |

REPORT OF ADMINISTRATOR ROBERT E. WELSH, JR.
AND REQUEST FOR PERMISSION TO  CLOSE OUT THE SETTLEMENT FUND

This report is submitted to the Court to provide a final statement on the remaining funds and to request leave to close out the settlement account and distribute the remaining proceeds to an appropriate charity or charities or other non-profit entity or entities.

Status of Undistributed Funds and Uncashed Checks

As of this date, after the issuance of thousands of checks to claimants and to claimants' counsel, there are 27 checks that remain uncashed.

In each instance, diligent efforts have been made to track down the payees of the checks in question.  At my direction, the claims office undertook the following efforts:

a)   Attempted to telephone claimants using telephone number provided on the original claim form;

b)  Used various internet research tools to find telephone numbers and addresses;

c)  Used a fee-for-service tool called "Accurint" to locate updated telephone number and addresses;

d)  Mailed checks to all updated addresses determined as above.

Accordingly, it is respectfully submitted that reasonable and diligent efforts have been made to locate the payees and that there is no reasonable prospect that they will be identified and/or found.

The status of funds in the account is as follows: the current balance is $146,829.09 of which $82,837 is accounted for in the uncashed checks described above.

Possible Options for the Distribution of the Remaining Funds

Of the remaining funds in the account, net of future fees acquired for the actual close out and accounting which lay ahead, we estimate that there would be approximately $100,000 available for distribution to the class of Acromed claimants, if the Court were to order an additional distribution.

However, we estimate that it would cost approximately $25,000 in additional costs and fees if the Court were to make an additional distribution.

If the Court were to order an additional distribution, we estimate that the average claimant would receive approximately $20 and that even the most seriously injured claimant would receive no more than $45.

There is a significant further problem to the issuance of another distribution check. Our experience has been that it is a certainty that a large number of checks will remain uncashed, even as to claimants or counsel we can identify, and that there will be other claimants whose addresses are no longer accurate. The problem, therefore, is that, if the Court were to order another distribution, it would necessitate a substantial effort to continue to track down claimants, issue new checks, and would otherwise cause an extensive delay.

However, in light of the circumstances, the law permits a court to order the distribution of funds in this amount to an appropriate charity or charities or other entity or entities.

Conclusion of Recommendation

The PLC, Brad Heffler, and I recommend that the Court forgo a distribution of the final funds in light of the fact that the average payment to a claimant would be extremely low and any

further distribution would engender substantial delay and would require substantial expense if we were to continue to track down payees.

On the other hand, the amount remaining is relatively low compared to the overall funds distributed and the law permits the Court to order that the funds be disbursed to an appropriate charity or charities. Accordingly, it is generally recommended that the court order the funds to be distributed to such an entity or entities.

Respectfully submitted,

/S/
Robert E. Welsh, Jr.
Claims Administrator
2000 Market Street, Suite 2903
Philadelphia, PA  19103
(215) 972-6430

Date: February 15, 2011

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via First-class mail, postage prepaid, upon the persons listed below.

        Fred Longer, Esquire
        Levin, Fishbein, Sedran & Berman
        510 Walnut Street, Suite 500
        Philadelphia, PA 19106

        Pedicle Screw Litigation Office
        Attn: Roy F. Amedee, Jr.
        228 St. Charles Avenue
        Suite 801
        New Orleans, LA 70130

        /S/
        Robert E. Welsh, Jr.

Dated:  February 15, 2011, 2011